Ruffin, C. J.
 

 There can be no doubt of the correctness of the ruling of his Honor respecting the tract of land which the defendant disclaimed. Being disclaimed, it was not within the issue which the Jury was trying, and therefore evidence of the title to it was irrelevant.
 

 
 *77
 
 The Court is also obliged to affirm the judgment, not with standing the exceptions of the plaintiff to the other matters, which occurred at the trial. In the first place, it is stated in the record as a fact, that it did not appear that the deed from the Sheriff to the lessor of the plaintiff included any part of the land contained in the declaration. Of course it is indispensable that the plaintiff should show that his deed covers the premises claimed by him ; and if he does not, the verdict was properly rendered against him for that reason, and all errors committed by the Court on other points become immaterial.
 

 In the next place, howevjer erroneous the decisions of the Superior Court may have been upon the other points stated in the record, this Court finds itself unable to correct or even examine therp. The case states, that transcripts of certain records were read in evidence, and also the deed of the Sheriff to the lessor of the plaintiff, and a deed from Gamble to Woodruff; and that on the effect of those documents the presiding Judge delivered}. his opinions as set forth, and that the appellants excepted thereto. The case has not set out the substance or contents of those documents, but states that copies of them are annexed to the exception as part thereof, when in fact no such copies are annexed orotherwise appear in the record. Those papers are absolutely necessary to enable us to perceive, whether the construction placed on them, and the effect given to them on the trial were, in our opinion, proper or improper. Indeed, without them the case is not intelligible, and it cannot be seen what were really the points that were decided. It is the duty of the appellant to make out a case of error in the record ; and, unless he does, the judgment is of course affirmed.
 
 Stewart
 
 v
 
 Garland,
 
 1 Ired. 470. This is the second term since the trial, and, as the appellant has taken no steps in the matter, the Court must, on the motion of the appellee, decide on the record, as it is, that the judgment be affirmed.
 

 Per Curiam. Judgment affirmed.